BULO CARVER AND WIFE, LULA MAE CARVER, v. TROY LEATHERWOOD
AND WIFE, SARAH LEATHERWOOD.

(Filed 9 March, 1949.)

**1. Pleadings § 15—**

A demurrer presents the sole question whether the complaint is fatally defective in any respect set forth in the demurrer, admitting for the purpose the truth of the allegations of the complaint, and in passing upon the question neither the defenses alleged in the answer nor .evidence offered at the hearing may be considered.

**2. Easements § 2: Highways § 16: Declaratory Judgment Act § 2a—**

Plaintiffs instituted this action to obtain a judicial declaration of their right to an easement appurtenant and by necessity over lands of defendants. *Held:* The action is authorized by G.S. Chap. 1, Art. 26, and the Superior Court has jurisdiction, it not being a special proceeding to establish a cartway which must be instituted before the clerk. G.S. 136-68.

**3. Easements § 2—**

In an action to declare plaintiffs entitled to an easement appurtenant or an easement by necessity, allegations that plaintiffs' land was cut off and isolated from any public road and praying that defendants be enjoined from blocking the only means of ingress and egress, is a sufficient allegation that plaintiffs have no other way of ingress and egress if such allegation be deemed essential.

**4. Same—**

Allegations that defendants sold a parcel of a larger tract owned by them, that at the time a roadway existed to such smaller tract over the remaining land of defendants, that the parties contracted with a view to this condition and that the purchaser, who conveyed to plaintiffs, used the cartway without objection, with further allegations that the smaller tract was isolated from any public road, are sufficient to establish, as against demurrer, plaintiffs' right to an easement appurtenant and by necessity. Whether plaintiffs should not be required to decide whether they rely upon an easement appurtenant or an easement by necessity, *quære?*

SEAWELL, J., dissents.

APPEAL by plaintiffs from *Sink, J.,* in Chambers, 20 October 1948, HAYWOOD. Reversed.

Civil action for a declaratory judgment fixing and adjudicating the right of plaintiffs to a roadway over and across the land of defendants as an appurtenance to land· owned by them and to restrain defendants from closing said right of way.

The plaintiffs in their complaint allege in substance that (1) on and prior to 1 January 1932 defendants owned a large boundary of land in Jonathan Creek Township, Haywood County, (2) on 1 January 1932 they sold to one Hessie Sutton by warranty deed 59½ acres of their boundary, together with "all privileges and appurtenances thereto belong-

ing," (3) said 59½ acre tract was and is cut off from a public road by the portion of said boundary retained by the grantors in said deed, (4) at the time of the severance of said tract from the larger boundary there existed a roadway from the public road over and across the land of one R. W. Howell and defendants herein to and upon the 59½ acre tract which was the only way of ingress and egress to and from said tract, (5) said roadway was used by said Hessie Sutton as a way of ingress and egress from the time she purchased said tract until February 1948 when she sold and conveyed the same to these plaintiffs, and plaintiffs since said date have so used said road, and (6) defendants have recently forbidden plaintiffs to use said way of ingress and egress and are now threatening to block or close the same. They further allege that the right of ingress and egress over and across defendants' land along and upon said roadway is appurtenant to the land acquired by them by *mesne* conveyance from the defendants and that they, as a matter of law, are entitled to a way of necessity over the land of defendants. They pray that the court adjudge that plaintiffs "have and are entitled to a right and easement of a way of necessity over the lands of the defendants," and that defendants be restrained and enjoined from "closing off, barring, or blocking the only existing means of egress and ingress over their lands to the lands of the plaintiffs."

When the cause came on to be heard on the notice to show cause why the temporary restraining order theretofore issued should not be continued to the hearing, the defendants filed answer in which certain defenses are pleaded and also demurred to the complaint for that (1) it is not alleged that plaintiffs have no other way of egress and ingress to and from a public road; (2) the plaintiffs' remedy, if any, is by special proceeding for the establishment of a cartway under G.S. 136-68; (3) the complaint does not state and allege a cause of action; and, (4) the court is without jurisdiction of the cause.

The court heard certain evidence and then entered its judgment sustaining the demurrer and dismissing the action. Plaintiffs excepted and appealed.

*James H. Howell, Jr., for plaintiff appellants.*
*Grover C. Davis and W. R. Francis for defendant appellees.*

BARNHILL, J. The demurrer, for the purposes of this appeal, admits the facts alleged in the complaint. Whether the complaint is fatally defective in any one or more respects set forth in the demurrer is the one question presented. In deciding the same we may not consider either the defenses alleged in the answer or the evidence offered at the hearing.

This is not an action to establish a cartway, which must be instituted before the clerk in the form of a special proceeding. G.S. 136-68, 69.

It is a civil action to obtain a judicial declaration of the right of plaintiffs to use the described roadway as an appurtenance to their land and as a way of necessity,. and is authorized by Chap. 1, Art. 26, of the General Statutes of North Carolina. Hence, there is no want of jurisdiction in the court to hear the cause and enter judgment therein.

If plaintiffs in this action are required to allege that they have no other way of ingress and egress—which we do not now decide—such allegation sufficiently appears in the complaint. It is alleged that the land of plaintiffs was "cut off, severed from, and isolated from a public road" by the land now owned by defendants, and plaintiffs pray that defendants be enjoined from "blocking the only existing means of egress and ingress . . ." Under the rule of liberal construction these allegations are sufficient to meet this ground of demurrer.

The plaintiffs allege in effect that the roadway was in existence at the time the 59½ acre tract was severed from the larger boundary, that the presence of the roadway was a condition which openly and visibly existed at that time, that the parties contracted with a view to this condition, and that in recognition thereof the roadway was so used by defendants' immediate grantee without any objection by them. Thus, they assert, the cartway or road constitutes an easement appurtenant to their land, impliedly granted by the deed of defendants. They further allege that when their land was severed from the larger tract it was thereby isolated from any public road, and that therefore they are entitled to a roadway across the land of defendant as a way of necessity impliedly granted by defendants. Thus the complaint states facts sufficient to entitle plaintiffs to a judicial determination of their alleged contractual right to a roadway from their land across the land of defendants to the public road.

As the sufficiency of the complaint is the only question presented, we have studiously avoided any discussion of the merits of plaintiffs' claim. It is not amiss to note, however, that plaintiffs refer to their alleged right both as an easement in a specific roadway, appurtenant to their land, *Bowling v. Burton,* 101 N.C. 176; 17 A.J. 944, sec. 32 *et seq.;* Anno. 8 A.L.R. 1368; *Packard v. Smart,* 224 N.C. 480, 31 S.E. 2d 517; *Neamand v. Skinkle,* 225 N.C. 383, 35 S.E. 2d 176, and as a way of necessity by reason of the fact the severance isolated their land from a public road, *Lumber Co. v. Cedar Works,* 158 N.C. 161, 73 S.E. 902; 17 A.J. 959, sec. 48 *et seq.* As there are substantial differences between the two rights, it might be well for plaintiffs to decide upon which right they rely. This would greatly facilitate the trial and lessen the possibility of error.

The judgment below is
Reversed.

SEAWELL, J., dissents.