A. P. HUBBARD and Wife, MARION T. HUBBARD; RANDOLPH KA-BRICH and Wife NANCY B. KABRICH, v. CLAUDE K. JOSEY and Wife, LINNELL B. JOSEY.

(Filed 16 June, 1966.)

**Declaratory Judgment Act § 2—**

    Where, in proceedings under the Declaratory Judgment Act, the complaint and answer present an existing controversy between the parties as to their conflicting claims in a strip of land lying between their respective lots, the action is justiciable under the Declaratory Judgment Act and should be determined by judgment declaring the respective rights of the parties, and nonsuit is inapposite.

Moore, J., not sitting.

Appeal by plaintiffs from *Johnston, J.,* 18 October 1965 Session of Guilford (Greensboro Division).

This is a civil action for a declaratory judgment, instituted pursuant to G.S. 1-253 *et seq.,* to determine the rights of the parties in a 20 foot wide strip of land known as Hawthorne Lane in Irving Park in Greensboro, N. C.

The plaintiffs own adjoining lots, numbered 2 and 3 as shown on a map, plaintiffs' exhibit 11, fronting on the south side of Sunset Drive in said Park, the rear lines of which abut on the northern margin of Hawthorne Lane. The defendants Josey own a lot fronting on Edgedale Road, the north side line of which abuts on the southern margin of Hawthorne Lane. The defendants have allegedly acquired a deed from the receiver of Irving Park Company in fee simple to all of the 20 foot strip of land which abuts their north side line and the rear, or south, lot lines of the plaintiffs' lots, which is the land in controversy and which is shown on a plat of Irving Park made by W. B. Trogdon, C. E., as Hawthorne Lane, dated December 1, 1913.

At the close of plaintiffs' evidence the defendants moved for judgment as of nonsuit. The motion was allowed and the action dismissed. The plaintiffs appeal, assigning error.

*Thomas Turner and Harry Rockwell for plaintiffs, appellants.*
*Douglas, Ravenel, Josey & Hardy for defendants Josey, appellees.*

PER CURIAM. Unquestionably the instant case presents a justiciable controversy and the parties are entitled to a declaration of their rights, and the action should be disposed of only by a judgment declaring them. *Insurance Co. v. Roberts,* 261 N.C. 285, 134 S.E. 2d 654, where it is said:

> " 'The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff is entitled to the declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all, so that even if the plaintiff is on the wrong side of the controversy, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory judgment. And where a complaint in a proceeding for a declaratory judgment stated a justiciable controversy, a demurrer should have been overruled, and after the filing of an answer a decree containing a declaration of right should have been entered.' " 1 Anderson, Declaratory Judgments, (2d Ed.) § 318; *Cabell v. Cottage Grove,* 170 Ore. 256, 130 P. 2d 1013, 144 A.L.R. 286.
>
> "In the absence of a stipulation, a declaratory judgment may be entered only after answer and on such evidence as the parties may introduce upon the trial or hearing. For the same reason, a judgment of nonsuit may not be entered. *Board of Managers v. Wilmington,* 237 N.C. 179, 194, 74 S.E. 2d 749. This rule is analogous to that which prohibits a nonsuit in a caveat proceeding. *In re Will of Redding,* 216 N.C. 497, 5 S.E. 2d 544."

We held in *Shingleton v. State,* 260 N.C. 451, 133 S.E. 2d 183, that a controversy between an individual and the State as to the extent of an easement granted by the State may be determined in an action brought in the Superior Court pursuant to the provisions of the Declaratory Judgment Act.

It was also held a controversy as to whether the deeds in question created a fee upon special limitation and as to whether title

would revert to grantors upon the happening of the contingency, may be maintained under the Declaratory Judgment Act. *Charlotte Park & Recreation Commission v. Barringer*, 242 N.C. 311, 88 S.E. 2d 114.

We likewise held the right to close an alley at the cul-de-sac end could be determined under the Declaratory Judgment Act. *Hine v. Blumenthal*, 239 N.C. 537, 80 S.E. 2d 458.

In the case of *Carver v. Leatherwood*, 230 N.C. 96, 52 S.E. 2d 1, it was held that an action to obtain a judicial declaration of plaintiff's right to an easement appurtenant over the lands of defendants is authorized by the Declaratory Judgment Act.

The judgment of nonsuit entered below is set aside. The cause is remanded for a trial *de novo* and for an adjudication of the respective rights of the parties.

Reversed.

MOORE, J., not sitting.