JOE P. WOODLIEF, SR. AND WIFE, SUSAN S. WOODLIEF, JOE P. WOODLIEF,
JR. AND WIFE, MABLE WOODLIEF, GLENN BRAYTON ADAMS AND WIFE,
DEBORAH YOUNG ADAMS, LILLIE BELLE JONES, EVERETTE C.
MOORE AND WIFE, DOROTHY L. MOORE, EMERSON DISSTON BEECHER,
JR. AND WIFE, SHIRLEY ANN BEECHER, JAMES A. STROUD AND WIFE, JO
ANN STROUD, DONALD ANNAS AND WIFE, LINDA ANNAS, WILMA
PEARCE UNDERWOOD AND HUSBAND, ROBERT RODNEY UNDERWOOD,
C. B. SORRELL AND WIFE, RUBY SORRELL, JIMMY W. WATKINS,
WILLIE E. AVERETT, WILLIAM V. DODSON, GAY PERRY, PAUL C.
JONES AND WIFE, PEGGY P. JONES, JOSEPH C. BAILEY AND WIFE, CON-
NIE F. BAILEY, SHIRLEY L. WILLIAMS, FRANCES Q. ROBERTS,
LEONARD KING, CLAYTON RAY MORTON, JIMMY JACKSON, DAVID
GRIMES, CHARLES LEO ALFORD, HUBERT CRABTREE, AND VICTOR E.
DILLARD v. TONY LEE JOHNSON, E. B. FLYNT, JACK FIRTH, JAMES
BROWN, WADE A. HARRIS, LONNIE WHITLOW, OTTIS S. JACKSON,
MILTON DAVIS, RONALD MERCER, OSCAR L. HUGGINS, JAMES
AVERITTE, CHARLES L. ANGLIN, III, RICHARD GIRDWOOD, BELVIN
STRICKLAND, OSCAR HARRIS, DR. JAY HOWARD, ROBBIE CAISON,
HUBERT DAVIS, MILTON DAVIS, ESTATE OF JACK BROWN, HOWARD
WILSON, DONALD W. HOYLE, JAMES D. McPHAIL, BILLY G.
STRICKLAND, CHARLES T. WEATHERSPOON, AND ANN CHEATHAM

No. 8413DC1002

(Filed 4 June 1985)

1. **Declaratory Judgment § 2— action to determine rights and easement over
   private road and dock—jurisdiction**

   The district court had subject matter jurisdiction to determine the par-
   ties' rights over a private road in a declaratory judgment action involving an
   easement over a private road adjacent to White Lake and a pier and boat
   ramp at the end of the road extending into the lake. An action to obtain a
   judicial declaration of rights to an easement is authorized by the Declaratory
   Judgment Act and may be brought in district court; however, the North Caro-
   lina Department of Natural Resources and Community Development has ex-
   clusive authority to develop rules and regulations for piers and boat ramps for
   State-owned White Lake. Plaintiffs should have first requested a declaratory
   ruling as to the pier and boat ramp by the Department of Natural Resources
   and Community Development. G.S. 1-262, G.S. 7A-242.

2. **Easements § 4.1— private road—description of easement and dominant and
   servient tracts**

   In an action to determine the rights of the parties in a private road ad-
   joining White Lake, there was sufficient evidence from which the trial court
   could find and conclude that an easement deed adequately described the ease-
   ment with reasonable certainty and described the dominant and servient
   tracts involved.

Woodlief v. Johnson

3. **Easements § 4.3— easement over private road—beneficial to grantee—acceptance presumed**

Acceptance of an easement by plaintiffs was presumed in an action for a declaratory judgment to determine the rights of the parties in a private road conveyed by the easement running from Highway 41 across State Road 1515 to White Lake where plaintiffs are landowners between Highway 41 and State Road 1515, defendants are landowners between State Road 1515 and White Lake, plaintiffs and defendants derived their titles from a common source, and the common grantor had recorded a deed purporting to grant an easement from Highway 41 across State Road 1515 to the edge of White Lake in 1956 after conveying title to plaintiffs and defendants or their predecessors in title in the 1940's. Acceptance of the easement by plaintiffs was presumed because it was beneficial to plaintiffs, the deed was not subject to a condition, and did not otherwise impose any obligation on the grantee. The fact that a grocery store building was in place on plaintiffs' land squarely on the easement does not breach the easement contract or manifest an intent not to accept the benefits of the easement because it was in place long before the easement was conveyed.

4. **Declaratory Judgment § 2— action to determine rights in private road and pier —State-owned lake—no jurisdiction over pier**

In a declaratory judgment action to determine the rights of the parties in an easement over a private road, pier, and boat ramp running from a state road to White Lake, the trial court erred by finding and concluding that the pier was an extension of the street easement. While the pier was in existence when the easement was granted, it extended over State-owned White Lake, the Department of Natural Resources and Community Development has exclusive authority to develop rules and regulations and issue permits for the construction and use of piers and boat ramps, and the trial court accordingly lacked subject matter jurisdiction. G.S. 113-8, G.S. 113-35, G.S. 146-13.

APPEAL by defendants from *Trest, Judge*. Judgment entered 9 February 1984 in District Court, BLADEN County. Heard in the Court of Appeals 17 April 1985.

This is an action for declaratory judgment in which the parties seek an adjudication of their respective rights and interests in an easement over a private road adjacent to White Lake in Bladen County known as Godwin Street and the pier and boat ramp existing at the end of Godwin Street extending into White Lake.

The essential facts are:

All plaintiffs and defendants are landowners or holders of leasehold estates in a tract of land that is rectangular in shape with approximately 160 feet fronting the edge of White Lake and

extending 3,136 feet across North Carolina Highway 41. State Road 1515 bisects the tract of land approximately 642 feet northeast of the waters' edge.

This tract of land, recorded in Deed Book 107, Page 17, Bladen County Registry, was conveyed on 1 July 1941 from P. R. Smith and wife to W. C. Godwin and wife. All plaintiffs and defendants herein derive their respective titles from the Godwins.

Subsequent to July 1941, the Godwins conveyed several lots on the southwest or lake side portion of this tract of land between State Road 1515 and the lake. These lots all lie adjacent to a dirt road approximately 30 feet in width known as Godwin Street. Godwin Street lies approximately in the center of this tract of land and runs from State Road 1515 to the waters' edge. On 27 August 1943, the Godwins conveyed all of the original tract of land lying on the northeast side of State Road 1515 to plaintiffs Joe P. Woodlief and wife.

Sometime in 1949, the Woodliefs constructed a building on their tract of land. This building is on the center of their tract, is adjacent to the right-of-way of State Road 1515 and faces down Godwin Street toward White Lake.

On 1 August 1945, the Godwins conveyed to the Woodliefs a 65 x 200 foot tract located on the southwest side of State Road 1515 and adjacent to Godwin Street. This tract was subdivided into four lots which were subsequently conveyed to several of defendants' predecessors in title.

On 25 October 1956, the Godwins, asserting that they had intended to reserve a thirty foot street through the center of the entire original tract recorded at Book 107, Page 17, Bladen County Registry, executed a deed purporting to convey a 30 foot easement for ingress, egress and regress, from Highway 41, across State Road 1515 and to the edge of White Lake. The deed recited that "all of said parties agreed that it would be for their mutual interest to establish a thirty foot street through the center of said tract for the common use of all the present and future owners of the subdivided lots conveyed out of that certain tract recorded at book 107, at page 17." Parties to this deed were the Godwins, as grantors, certain named grantees and "all other

owners of lots, subdivided from that certain tract of land . . . recorded in Book 107 at page 17" as the remaining grantees.

At the time of the conveyance of the easement through the entire original tract of land, the Woodliefs were the sole owners of that portion of the tract lying northeast of State Road 1515. The Godwins had title to Godwin Street from State Road 1515 to the waters' edge.

Sometime in 1946, a pier was constructed at the end of Godwin Street into White Lake by several of the owners of lots adjacent to Godwin Street. This original pier has been replaced on at least two occasions. White Lake is owned and controlled by the State of North Carolina and pursuant to G.S. 113-8, 113-34, 35 and 146-13, permits to build and maintain the pier were issued to named individuals as agents for Godwin Street. These piers have been used continually since 1947 by individuals residing along Godwin Street and those residing on the northeast side of State Road 1515.

After a hearing on the declaratory judgment action, the Honorable Roy D. Trest, District Court Judge, made findings of fact and conclusions of law and entered judgment that the Godwins had "conveyed to the plaintiffs, defendants, their predecessors and successors in title an express and perpetual easement of egress, ingress and regress over and upon that certain 30-foot strip of land known as Godwin Street." The trial court further ruled that "the pier which lies at the end of Godwin Street over the waters of White Lake is an extension or part of Godwin Street and that all of the plaintiffs and defendants are vested with the same right of egress, ingress and regress over and upon said pier as they have upon Godwin Street proper." The judgment did not adjudicate rights in the boat ramp. Defendants appeal.

*Moore, Melvin and Wall, by James R. Melvin and Alan I. Maynard, for plaintiff-appellees.*

*Grady, Grady, and Greene, by Gary A. Grady, for defendant-appellants.*

EAGLES, Judge.

I

Defendants first assign as error the trial court's denial of their motion to dismiss pursuant to G.S. 1A-1, Rule 41 made at the close of plaintiffs' evidence and the trial court's findings of fact and conclusions of law that the 1956 deed recorded at Book 133, Page 502, Bladen County Registry, creates an express grant of an easement to both plaintiffs and defendants over Godwin Street.

In a non-jury case, as here, after the plaintiff has rested his case, defendant may move pursuant to G.S. 1A-1, Rule 41(b) for a dismissal on the ground that upon the facts and the law plaintiff has shown no right to relief. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973). The question presented is whether the plaintiff's evidence, taken as true, would support findings of fact upon which the trier of fact could properly base a judgment for the plaintiff. Our examination of the record in this case reveals sufficient evidence supporting the denial of the motion to dismiss and the trial court's findings of fact and conclusions of law that there was an express grant of an easement to both plaintiffs and defendants over Godwin Street. Where the trial judge sits as the trier of fact, his findings are conclusive upon appeal if supported by competent evidence, even though there may be evidence to the contrary. *Bryant v. Kelly*, 10 N.C. App. 208, 178 S.E. 2d 113 (1970), *rev'd on other grounds*, 279 N.C. 123, 181 S.E. 2d 438 (1971).

[1] The basis for defendants' first assignment of error is that the trial court lacked subject matter jurisdiction in this case and that the 1956 deed from the Godwins purporting to create a 30 foot easement from Highway 41 to the waters' edge did not constitute the grant of an express easement as a matter of law. We disagree.

It is well established that parties cannot by consent give a court subject matter jurisdiction which it does not have. *State v. Fisher*, 270 N.C. 315, 154 S.E. 2d 333 (1967). Though the parties have consented to subject matter jurisdiction in the district court here, defendants contend that since the North Carolina Department of Natural Resources and Community Development has ex-

clusive authority to develop rules and regulations for piers and boat ramps on State-owned White Lake, the plaintiffs should have first requested a declaratory ruling by the Department of Natural Resources and Community Development. While we agree with defendants' contentions as to the pier and boat ramp itself (an issue discussed *infra*), we do not agree that the district court lacked subject matter jurisdiction to determine the parties' rights in the easement in question over Godwin Street which is not State-owned. An action to obtain a judicial declaration of rights to an easement is authorized by our Declaratory Judgment Act and may be brought in the district court division, G.S. 1-262, G.S. 7A-242; *see, Hubbard v. Josey*, 267 N.C. 651, 148 S.E. 2d 638 (1966); *Carver v. Leatherwood*, 230 N.C. 96, 52 S.E. 2d 1 (1949). Accordingly, the district court had subject matter jurisdiction to determine the parties' rights in the easement in question from Highway 41 to the waters' edge of White Lake.

[2]  The trial court found as fact and concluded as law that the 1956 deed from the Godwins to certain named grantees and all present and future owners created an express grant of an easement. The express grant in a deed is an accepted method for creating easements in North Carolina. Hetrick, *Webster's Real Estate Law in North Carolina*, Section 311 (1981). The written instrument creating an easement by grant must describe with reasonable certainty the easement created and must also describe the dominant and servient tracts involved. *Hensley v. Ramsey*, 283 N.C. 714, 199 S.E. 2d 1 (1973). The 1956 easement deed was stipulated into evidence and reveals that there is an express grant of

> a perpetual right of easement of egress, ingress and regress over and upon that thirty foot strip of land to be used as a street running through the center of that certain tract of land heretofore conveyed . . . and recorded in Book 107 at page 605, and the said street to run in an eastwardly direction from Highway 41 to the western edge of White Lake; the northern edge of said street runs with the southern line of the Cecil R. Butler lot as recorded in Book 125 at page 331; the Southern edge of said street runs with the northern line of the W. H. Brown lot as recorded in Book 107 at page 362, and others.

This is a more detailed description of the location of an easement than that approved by our Supreme Court in *Hensley v. Ramsey, supra,* where the easement was described as "a right-of-way across the Duncan lot . . . The location of the right-of-way is fixed as along the Langford (Lankford) line." 283 N.C. at 730, 199 S.E. 2d at 10.

It is also clear from the face of the 1956 deed that the Godwins retained title to the thirty foot strip of land through the center of the tract later known as Godwin Street. It is that thirty foot tract that is the servient tract, the dominant tracts being all of those lots subdivided out of the original tract of land recorded in Book 107, page 17, Bladen County Registry. Additionally, we note that the trial court made a finding of fact that at the time of the conveyance of the easement on 25 October 1956, the Godwins held title to Godwin Street. That finding of fact is not contested on appeal. Accordingly, there was sufficient evidence from which the trial court could find and conclude that the easement deed adequately described the easement with reasonable certainty and described the dominant and servient tracts involved.

[3] Defendants also argue that the deed from the Godwins creating the easement was never unconditionally accepted by plaintiff Woodliefs and is therefor invalid. We disagree. In North Carolina, acceptance is presumed if the conveyance is beneficial to the grantee even though he may have no knowledge of the transaction. *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316 (1949). Here, all parties agreed that it was in their mutual interest to establish the easement for the common use of all present and future owners of the lots conveyed out of the original tract. This use is beneficial to the plaintiffs and acceptance must be presumed. *Ballard v. Ballard, supra.* We are aware that the presumption of delivery and acceptance does not apply if the deed is *subject to* a condition or otherwise imposes an obligation upon the grantee. *Beaver v. Ledbetter,* 269 N.C. 142, 152 S.E. 2d 165 (1967). However, the deed in question is not subject to condition and does not, on its face, impose any obligation upon any grantee. We also cannot say that plaintiffs have breached the easement contract by the fact that a grocery store building sits squarely upon the easement on plaintiffs' land, nor can we say that the building's presence manifests an intent not to accept the benefits of the easement. We note that the building was in place in 1944,

long before the easement deed of 1956. Under the facts of this case, it would be speculative to presume a non-acceptance of the easement by plaintiffs.

Based upon the record before us, we hold that there was sufficient evidence to withstand defendants' motion to dismiss pursuant to G.S. 1A-1, Rule 41 and sufficient evidence from which the trial court could find and conclude as a matter of law that the 1956 deed created "an express and perpetual easement of egress, ingress and regress over and upon that certain 30-foot strip of land known as Godwin Street."

## II

[4] Defendants next assign as error the trial court's findings of fact and conclusion of law that the pier at the end of Godwin Street was an extension of the Godwin Street easement. We agree that there was error.

While it is true that the pier was in existence at the time of the grant of the easement in 1956, the pier extends over State-owned White Lake. The North Carolina Department of Natural Resources and Community Development has the exclusive authority to develop rules and regulations and to issue permits for the construction and use of piers and boat ramps on White Lake. G.S. 113-8, G.S. 113-35, G.S. 146-13. As to the rights of the parties in the pier and boat ramp, original jurisdiction for a declaratory ruling rests in the North Carolina Department of Natural Resources and Community Development pursuant to the Administrative Procedure Act, G.S. 150A-1, et seq. Plaintiffs did not pursue declaratory relief pursuant to G.S. 150A-17 and have failed to exhaust their administrative remedies prior to instituting this action. *Wake County Hospital v. Industrial Commission*, 8 N.C. App. 259, 174 S.E. 2d 292 (1970). Accordingly, the trial court lacked subject matter jurisdiction to adjudicate the parties' rights and interests in the pier and boat ramp.

For the reasons herein stated, we affirm so much of the judgment of the district court which declares that the named parties both plaintiff and defendant and their successors in title are owners of a perpetual easement of egress, ingress and regress over and upon that certain 30-foot strip of land known as Godwin Street which extends from State Road 1515 to White Lake and

that all parties are permanently restrained and enjoined from obstructing or interfering with the rights of any other party to Godwin Street. We reverse so much of the judgment of the district court which purports to adjudicate the parties' rights and interests in the pier located at the end of Godwin Street and extending over the waters of White Lake.

Defendants' remaining assignments of error are without merit.

Affirmed in part, reversed in part.

Judges WHICHARD and JOHNSON concur.