In a non-jury case, such as one before the Industrial Commission, after plaintiff has rested his case, defendant may move pursuant to Rule 41(b), Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1, for involuntary dismissal on the ground that upon the facts and the law plaintiff has shown no right to relief. Woodlief v. Johnson, 75 N.C. App. 49,330 S.E.2d 265 (1985). However, a judge is not compelled to find facts and pass upon a motion for dismissal at close of plaintiff's evidence; he may decline to render any judgment until all evidence is in, and, exceptin the clearest cases, he should follow that procedure. Passmore v.Woodard, 37 N.C. App. 535, 246 S.E.2d 795 (1978) (emphasis added). Moreover, a motion for involuntary dismissal goes to sufficiency, not competence, and, in ruling upon such motion, all relevant evidence admitted by the court must be accorded its full probative value. Harrellv. W.B. Lloyd Const. Co., 300 N.C. 353, 266 S.E.2d 626 (1980).
The majority, in its Decision and Order, has erred in finding that defendant's motion for dismissal pursuant to Rule 41(b), Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1 was properly granted by the Deputy Commissioner. Plaintiffs in this matter have shown a right to relief by providing sufficient evidence of record to establish a prima facie case that would ultimately prevail unless contradicted and overcome by other evidence. See In re Westover Canal, 230 N.C. 91, 52 S.E.2d 225 (1949). Because plaintiffs have met their initial burden of establishing a prima facie case, dismissal is improper at this juncture.
The elements to establish a prima facie case in this matter are: (1) that defendant breached a legal duty owed to plaintiffs by negligently maintaining the subject roadway in an unsafe condition; (2) that defendant had notice of the dangerous conditions of the roadway; and (3) that such conditions proximately caused plaintiffs' daughter to sustain serious injuries resulting from a motor vehicle accident on the roadway. N.C. Gen. Stat. § 143-291(a); Bolkhir v. North Carolina State Univ.,321 N.C. 706, 365 S.E.2d 989 (1988).
In the present case, defendant N.C. Department of Transportation (the "Department") is statutorily charged with the duty of maintaining the State's roadways. The evidence of record establishes that the roadway at issue, Rest Home Road, had been negligently maintained on the morning of October 9, 1996, when plaintiffs' daughter sustained injuries in a motor vehicle accident. It is undisputed that both Trooper Larry Rathbone and Deputy Larry McCorkle testified that each witnessed a trail of water running across the roadway in a southbound direction upon arriving at the scene of the accident. (T. Vol. I at p. 188; T. Vol. II at p. 96). Deputy McCorkle noted that the drainage ditch running parallel to the roadway was "cluttered" with leaves and debris, thereby causing the storm water traversing the ditch to overflow onto the roadway. (T. Vol. II at p. 99). Ernest Franklin Mallard, a traffic engineer with significant experience in accident reconstruction, opined that the presence of water on the roadway was indeed a causative factor in the accident. (T. Vol. II at pp. 141-42).
Though the issues of duty and causation are clearly established in the evidence of record, the majority appears to have found a lack of credible evidence regarding the issue of notice. The majority afforded little weight to the testimony of Cecil Honeycutt, a neighbor of the plaintiffs, who testified that a few months prior to the accident he contacted the Department's maintenance office in Catawba County regarding a storm water flow problem at the same place where the accident at issue occurred. (T. Vol I. pp. 51-52; 66-67). Great attention was given to the fact that Mr. Honeycutt had not dialed the Department's maintenance office on his own (his wife looked up the phone number and dialed for him because he has reading problems), and the fact that Mr. Honeycutt could not recall the name of the person to whom he spoke when reporting the potentially dangerous roadway condition. It is unreasonable to expect an ordinary citizen to document or recall the name of the state employee to whom he is making a complaint by phone. Mr. Honeycutt had no cause to foresee that he would be expected to produce such information in the present action at law. He testified that he had previously phoned the Department's maintenance office regarding a sign on Hollow Road. (T. Vol. I. at p. 73). When Mr. Honeycutt phoned to report the storm water problem on Rest Home Road, the person who answered the phone identified herself as with the "highway maintenance department." (T. Vol. I. at pp. 52 and 67). The employee took down his complaint, and gave every indication that Mr. Honeycutt had spoken to the correct department and that his complaint would be investigated. Given these facts, there is no good cause to discredit Mr. Honeycutt's testimony, which provides sufficient evidence that the Department was given notice of the storm water drainage problem on Rest Home Road prior to the accident at issue.
Because plaintiffs have met their initial burden of establishing a prima facie case with sufficient evidence in support thereof, the Decision and Order granting involuntary dismissal of this matter pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b), was improvident and should be vacated. The record in this case should be reopened and remanded to the Deputy Commissioner so that he may resume the hearing of this case for the taking of any evidence defendant may choose to present in its defense. For these reasons, I respectfully dissent from the majority's Decision and Order.
This 21st day of May 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER