JEANETTE MARIE VUNCANNON v. KEITH W. VUNCANNON, JR.

No. 8519DC960

(Filed 5 August 1986)

Divorce and Alimony § 25.7 — child custody — false testimony by child — no modifi-
　cation of order on basis of fraud

　　The trial court did not abuse its discretion by failing to modify a previous
　child custody order based upon plaintiff's allegations of fraud, though one of
　the parties' children who testified for defendant in the earlier hearing stated
　that she had sworn falsely at the prior hearing and had previously lied to the
　court, since the trial judge was in the best position to determine what effect, if
　any, the witness's discrepancies in her testimony had on his previous custody
　award; the credibility of the witness was for the trial judge to weigh; and
　plaintiff failed to show any abuse of discretion in the denial of her motion to
　have the previous order awarding custody to defendant set aside and in the
　court's decision to place custody of one child with plaintiff and to retain
　custody of the other child in defendant.

APPEAL by plaintiff from *Hammond, Judge*. Order entered 21 June 1985 in District Court, RANDOLPH County. Heard in the Court of Appeals 10 February 1986.

The parties herein were married on 12 January 1971, and had two children, Jacqueline Vuncannon, born 31 October 1968, and Anthony Vuncannon, born 12 April 1972. On 10 April 1985, plaintiff filed a complaint seeking custody of the minor children. Defendant answered and counterclaimed and prayed that he be awarded custody of the children. The matter was heard at the 22

April 1985 non-jury session before the Honorable L. T. Hammond, Jr., who entered an Order awarding custody of both children to defendant.

On 2 May 1985, plaintiff moved pursuant to G.S. 1A-1, Rule 60(b)(3) to have the April Order set aside because the Order was based on perjured testimony suborned by defendant. Attached to this motion was an Affidavit, executed by Jacqueline Vuncannon, which in pertinent part provided:

4. That the affiant testified as a witness for her father the defendant, Keith W. Vuncannon, Jr.

5. That the affiant swore falsely when she took an oath to testify in that action as a witness for her father.

6. That on 28 March, 1985 the affiant appeared before Frances S. Stilwell, a Magistrate in the Magistrate's Office in the Administrative Building in the County of Randolph, and that she also swore falsely before the Magistrate Frances S. Stilwell.

7. That the specific times that she swore falsely are as follows: (a) She swore that the defendant her father had never shown her pornographic movies or pornographic video cassettes on the television screen, when, in fact, he had shown the affiant pornographic scenes of video cassette movies on the television screen; (b) She swore that her father the defendant had never been naked in her presence, when in fact, he has been naked in her presence many times within the past two years and prior to that; (c) That she swore that her mother, the plaintiff Jeanette Marie Vuncannon, knocked her to the floor and pulled her hair on 28 March, 1985, both before Judge Hammond and before Frances S. Stilwell, when in fact, her mother did neither of these two things on that date; (d) The affiant swore that she had never seen the defendant her father beat and assault her mother the plaintiff when, in fact, she has been an eyewitness to two beatings within the past three years and she has seen others prior to three years ago.

8. That the defendant affiant's father told the affiant that unless she falsely testified at the hearing, in order for him to win the case, he would take her brother Tony away

and the affiant would never see Tony again. The defendant further threatened the affiant by telling her unless she falsely testified in the defendant's favor and if the plaintiff her mother won the case, he the defendant would hire someone to kill the affiant's mother and that he had read books that showed him the way to dispose of her body so that no one would ever know who did it.

9. That the affiant realizes that she has done wrong and realizes the consequences of swearing falsely on material issues in Court, and that one of the reasons she did it was because her father the defendant, Keith W. Vuncannon, Jr., promised her Three Thousand and 00/100 ($3,000.00) Dollars if she would testify falsely as she did against the plaintiff her mother.

On 31 May 1985, defendant filed a "motion in the cause and answer to motion" in which he "denie[d] having suborned the perjured testimony of his 16-year-old daughter at the trial of this matter on April 22, 1985" and specifically denied the averments contained in Jacqueline's affidavit. Defendant requested that the previous Order be reviewed in light of the changed circumstances that Jacqueline "apparently does not wish to reside with the defendant."

The matter came on for hearing on 11 June 1985 before Judge Hammond, who made the following pertinent findings of fact:

6. Since the entry of this Court's Order on April 22, 1985, the minor child, Jacqueline Vuncannon, has commenced living with her mother, the plaintiff, and the child testified at this hearing that she wished to continue to reside with the plaintiff.

7. Jacqueline Vuncannon testified in support of the plaintiff's Motion and was plaintiff's only witness. Jacqueline Vuncannon testified that she had committed perjury during this Court's hearing on April 22, 1985; however, the Court after hearing the evidence, finds that her testimony was virtually identical to the testimony offered by her at the hearing conducted on April 22, 1985. From the evidence presented, it is clear to the Court that Jacqueline Vuncannon was not entire-

ly truthful when testifying in support of the plaintiff's Motion. The Court further concludes from the evidence presented that any discrepancies in the testimony offered by Jacqueline Vuncannon on April 22, 1985 and June 11, 1985 are not sufficient to effect [sic] this Court's decision concerning custody and visitation rendered on April 22, 1985.

The court thereafter on June 21, 1985 signed an Order which (i) denied plaintiff's motion to set aside the April Order, (ii) awarded primary custody of Jacqueline to plaintiff and (iii) granted plaintiff specific visitation rights with Anthony Vuncannon. From this Order, plaintiff appealed.

*Ottway Burton, P.A., by Ottway Burton for plaintiff-appellant.*

*No brief for defendant-appellee.*

PARKER, Judge.

Plaintiff's first assignment of error is deemed abandoned because "[q]uestions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned." N.C. R. App. Proc. 28(a).

The only questions properly before this Court are whether the trial court erred in finding that the 22 April 1985 Order was not based on perjured testimony procured by the defendant and in modifying the 22 April 1985 Order.

Plaintiff's contention is that because she alleged in her motion that defendant suborned the perjured testimony of his daughter at the trial, that she is entitled to have that Order set aside pursuant to G.S. 1A-1, Rule 60(b)(3) on account of "a fraud practiced upon the court." The rule is well-established that a motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion. *Sink v. Easter,* 288 N.C. 183, 217 S.E. 2d 532 (1975); *In the Matter of Oxford Plastics v. Goodson, Jr.,* 74 N.C. App. 256, 328 S.E. 2d 7 (1985); Wright and Miller, *Federal Practice and Procedure* (Civil) § 2857 (1973) and 7 *Moore's Federal Practice 2d* § 60.24[5]. Plaintiff advances no argument that the court abused its discretion in denying this motion, and our review of the record reveals no such abuse.

Defendant filed a motion in the cause in which he asked the court to review the previous Order in light of the fact that Jacqueline wished to reside with plaintiff. This motion, in conjunction with plaintiff's motion to have the previous Order set aside, raised the issue of "changed circumstances" as required by G.S. 50-13.7.

Judge Hammond, who originally heard this matter and entered the April custody Order, was also the judge who jointly heard plaintiff's motion to set aside the previous Order and defendant's motion in the cause. He alone was in the unique position of determining whether, in fact, there had been fraud under Rule 60(b)(3). Although he found that Jacqueline "was not entirely truthful when testifying in support of plaintiff's Motion . . ." he also found that any discrepancies between Jacqueline's testimony were "not sufficient to effect [sic] this Court's decision concerning custody . . . rendered on April 22, 1985." Judge Hammond clearly found that the discrepancies in Jacqueline's testimony did not amount to "fraud . . . misrepresentation, or other misconduct of an adverse party."

The trial court's findings of fact modifying a child custody Order are conclusive on appeal if supported by competent evidence, *Daniels v. Hatcher*, 46 N.C. App. 481, 265 S.E. 2d 429, *disc. rev. denied*, 301 N.C. 87 (1980), even though there is evidence to the contrary. *In re Williamson*, 32 N.C. App. 616, 233 S.E. 2d 677 (1977). If the evidence supports the findings of fact and those findings of fact form a valid basis for the conclusions of law, the judgment will not be disturbed on appeal, *Paschall v. Paschall*, 21 N.C. App. 120, 203 S.E. 2d 337 (1974), absent a clear showing of an abuse of discretion. *Hensley v. Hensley*, 21 N.C. App. 306, 204 S.E. 2d 228 (1974).

Applying these principles, we are unable to say the court herein abused its discretion by failing to modify the previous custody Order and to place custody of Anthony with plaintiff based upon plaintiff's allegations of fraud. Although Jacqueline stated in her affidavit that she "swore falsely" at the prior hearing, and testified at the June hearing that she had previously lied to the court, her characterization of her previous representations are not necessarily controlling. Our review of her testimony at the June hearing does reveal certain discrepancies between that

---

and the averments in her affidavit. However, no transcription was taken of the April hearing, and this Court is in no position to compare Jacqueline's original testimony, her affidavit, and her subsequent testimony. In a custody proceeding, the credibility of witnesses is for the trial judge to weigh. Judge Hammond was in the best position to determine what effect, if any, these discrepancies had on his previous custody award, and plaintiff has wholly failed to show any abuse of discretion in the denial of her motion to have the previous Order set aside and in the court's decision to place custody of Jacqueline with her and to retain custody of Anthony in defendant.

The Order appealed from is

Affirmed.

Chief Judge HEDRICK and Judge WEBB concur.