CONNIE CASHWELL HINTON (CASHWELL) v. KEVIN CURTIS HINTON

No. 8712DC316

(Filed 1 December 1987)

**Divorce and Alimony § 25.10— child custody—insufficient showing of changed circumstances**

   The trial court erred in modifying a child custody order by changing primary custody from defendant to plaintiff, since evidence of changes with regard to the parties' jobs, changes in living arrangements, and changes in child care arrangements did not indicate a substantial change in circumstances which would affect the welfare of the child. N.C.G.S. § 50-13.7(a).

APPEAL by defendant from *Hair, Judge.* Order entered 5 February 1987, *nunc pro tunc* 26 November 1986, in District Court, CUMBERLAND County. Heard in the Court of Appeals 20 October 1987.

The parties' child, Joseph, was born 6 November 1982. When they separated in October 1983 they were living in Cumberland County, North Carolina and the child remained there in plaintiff's custody until February 1984 when defendant took the boy to live with him in Murrells Inlet, South Carolina. This action for custody was brought in August 1984 and by order entered on 28 September 1984 defendant was given primary physical custody of the child, plaintiff was given secondary custody, and a detailed visitation schedule was established. In doing so, the court found, among other things, that both parties were fit and proper persons to have custody of the child, and that he had a close and loving relationship with each parent. The other pertinent circumstances then existing, according to the order, were that: Defendant had established his home in Murrells Inlet where he was employed as a foreman with a landscaping firm and during his working hours the child was kept in a day care center; plaintiff lived with her mother, was employed at K&W Cafeteria and might get a job with Purolator. In August 1986 plaintiff moved to modify the child custody order, alleging that there had been a substantial change in circumstances. When the hearing on the motion was eventually completed three months later, the court modified the previous order by awarding primary custody to plaintiff and secondary custody to defendant.

*MacRae, Perry, Pechmann, Boose & Williford, by Michael C. Boose, for plaintiff appellee.*

*Hedahl & Radtke, by Debra J. Radtke, for defendant appellant.*

PHILLIPS, Judge.

When the custody of a child has been judicially established custody can be changed by subsequent order only upon it appearing that there has been a substantial change in circumstances *that affects the welfare of the child. Shepherd v. Shepherd,* 273 N.C. 71, 159 S.E. 2d 357 (1968); *Rothman v. Rothman,* 6 N.C. App. 401, 170 S.E. 2d 140 (1969); G.S. 50-13.7(a). Defendant rightly contends that no such change has been established. The modifying order notes only the following changes as having occurred since the initial order giving defendant primary custody was entered: Instead of working for the landscaping concern and leaving the child in day care during working hours, as he did earlier, defendant now works for H&C Fisheries making approximately $210 a week and keeps the child with him at the fishery during the day. Instead of living with her mother and working at K&W as before, plaintiff now lives across the street in a mobile home she bought and works for Purolator making approximately $225 a week, substantially more than she earned before; and she has plans to leave the child with her mother and other relatives while she is at work, and to marry one Mike Mansfield in the near future. Nothing in the record suggests, and the court did not find, that these changes have adversely affected, or will adversely affect, either the welfare of the child or defendant's fitness to continue having primary custody of him. Thus, the change in custody from that previously established is not authorized and the order is vacated.

Vacated.

Judges BECTON and GREENE concur.