LISA KARGER, Plaintiff v. RICHARD KELVIN WOOD, Defendant

No. COA05-251

(Filed 6 December 2005)

### 1. Child Support, Custody, and Visitation— custody—substantial change in circumstances

The trial court did not err by denying defendant's motion for involuntary dismissal in a child custody case even though he contends the evidence failed to establish a substantial change of circumstances affecting the welfare of the minor child, because plaintiff presented sufficient evidence to withstand defendant's N.C.G.S. § 1A-1, Rule 41(b) motion.

### 2. Child Support, Custody, and Visitation— custody—substantial change in circumstances—affect on child's welfare

The trial court did not err in its order changing child custody by failing to include a specific conclusion that the change of circumstances "affected the welfare of the child," where: (1) the trial court laid out in sequential order the facts regarding defendant's relationship with a married woman resulting in the resignation from his job and culminating in his separation from his wife who provided at least 50% of the minor child's care including helping the child with his homework; (2) the trial court then found that the child's grades had suffered, thus providing the nexus between the substantial change in circumstances and the affect on the child's welfare; (3) the findings describe the stable environment plaintiff can now provide; and (4) the court's conclusion that changed circumstances occurred "such as justifies modification of the previous orders as set forth hereinafter and said modification would be in the best interests of the minor child" is an implicit conclusion that the change in circumstances affected the welfare of the child.

### 3. Child Support, Custody, and Visitation— custody— modification

The trial court did not err in a child custody case by modifying its previous custody order and awarding plaintiff primary custody.

Judge Tyson concurring in part and dissenting in part.

**KARGER v. WOOD**

[174 N.C. App. 703 (2005)]

Appeal by defendant from order entered 3 September 2004 by Judge Jimmy L. Love, Jr., in Harnett County District Court. Heard in the Court of Appeals 21 September 2005.

*James R. Levinson for plaintiff-appellee.*

*O. Henry Willis, Jr., P.A., by O. Henry Willis, Jr., for defendant-appellant.*

STEELMAN, Judge.

Defendant, Richard Kelvin Wood, appeals the trial court's order awarding custody of the minor child, R.T.K.W., to plaintiff, Lisa Karger. For the reasons discussed herein, we affirm.

## I. Background

The parties are the parents of R.T.K.W., who was born on 20 March 1997. Shortly after the child's birth, plaintiff was diagnosed with a brain tumor. Plaintiff underwent surgery to remove the tumor, however, its removal caused plaintiff to be incapacitated, unable to walk, and unable to work for a period of time. On 16 December 1997, the trial court entered a temporary order awarding primary physical custody of the child to defendant and granting plaintiff supervised visitation. As plaintiff's medical condition improved, she filed motions to modify custody. On 9 September 1998, the trial court entered a temporary order continuing physical custody with defendant and allowing plaintiff supervised visitation. On 13 September 2000, the trial judge entered a custody order awarding defendant custody of the child and granting plaintiff increased unsupervised visitation.

On 19 July 2004, plaintiff filed another motion seeking custody of the minor child. Plaintiff alleged that certain changes in circumstance existed sufficient to modify custody, including the following: (1) she continues to recover from her tumor and seizure activity, which affected her in 1997; (2) medical personnel have verified that her condition has improved so that she could resume full custody of her child; (3) she has a stable residence; (4) defendant is now separated from his third wife who was the primary caretaker for the child; and (5) defendant is cohabiting with a married woman in the presence of the child although he is still married to his third wife.

The trial court held a hearing on plaintiff's motion on 24 August 2004. At the close of plaintiff's evidence, defendant moved for dismissal of plaintiff's motion pursuant to Rule 41(b) of the Rules of

KARGER v. WOOD

[174 N.C. App. 703 (2005)]

Civil Procedure, asserting plaintiff's evidence failed to establish a substantial change of circumstances affecting the welfare of the child. The trial court denied the motion. Defendant renewed his motion to dismiss at the close of all the evidence. The trial court also denied this motion. The judge then entered an order containing findings of fact and conclusions of law, and determined that a substantial change in circumstances had occurred since the 13 September 2000 custody order. As a result, the trial court awarded plaintiff primary physical custody of the minor child, with the parties having joint legal custody. Defendant appeals.

## II. Issues

The issues defendant raises on appeal are whether the trial court erred: (1) in denying defendant's motions for involuntary dismissal where the evidence failed to establish a substantial change of circumstances affecting the welfare of the minor child; (2) in failing to conclude that the change in circumstances affected the welfare of the child; and (3) modifying a previous custody order and awarding plaintiff primary custody where the order was not supported by adequate or proper conclusions of law.

## III. Substantial Change in Circumstances

### A. Standard of Review

The trial court has the authority to modify a prior custody order when a substantial change in circumstances has occurred, which affects the child's welfare. *Shipman v. Shipman*, 357 N.C. 471, 473, 586 S.E.2d 250, 253 (2003). The party moving for modification bears the burden of demonstrating that such a change has occurred. *Id.* The trial court's order modifying a previous custody order must contain findings of fact, which are supported by substantial, competent evidence. *Id.* at 474, 586 S.E.2d at 253. "[T]he trial court is vested with broad discretion in cases involving child custody," and its decision will not be reversed on appeal absent a clear showing of abuse of discretion. *Pulliam v. Smith*, 348 N.C. 616, 624-25, 501 S.E.2d 898, 902 (1998). In determining whether a substantial change in circumstances has occurred:

> [C]ourts must consider and weigh all evidence of changed circumstances which effect or will affect the best interests of the child, both changed circumstances which will have salutary effects upon the child and those which will have adverse effects

upon the child. In appropriate cases, either may support a modification of custody on the ground of a change in circumstances.

*Id.* at 619, 501 S.E.2d at 899.

### B. Motions for Involuntary Dismissal

**[1]** Defendant contends the trial court erred by denying his motions for involuntary dismissal made at the close of plaintiff's evidence and renewed at the close of all the evidence. He argues the evidence presented failed to show a substantial change in circumstances affecting the welfare of the child. We disagree.

We note that by presenting evidence, defendant waived his right to appeal the denial of his motion to dismiss made at the close of plaintiff's evidence. *Hamilton v. Hamilton*, 93 N.C. App. 639, 642, 379 S.E.2d 93, 94 (1989). Therefore, we only review the trial court's denial of his motion to dismiss made at the close of all the evidence.

Rule 41(b) of the North Carolina Rules of Civil Procedure provides in pertinent part:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief . . . .

N.C. Gen. Stat. § 1A-1, Rule 41(b) (2005). A Rule 41(b) motion is properly granted where the plaintiff has "shown no right to relief or . . . has made out a colorable claim but the court nevertheless determines as the trier of fact that the [defendant] is entitled to judgment on the merits." *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 909 (2001).

> When a motion to dismiss pursuant to Rule 41(b) is made, the judge becomes both the judge and the jury; he must consider and weigh all competent evidence before him; and he passes upon the credibility of the witnesses and the weight to be given to their testimony. In the absence of a valid objection, the court's findings of fact are presumed to be supported by competent evidence, and are binding on appeal.

*Miles v. Carolina Forest Ass'n*, 167 N.C. App. 28, 34-35, 604 S.E.2d 327, 332 (2004) (internal citations omitted).

KARGER v. WOOD

[174 N.C. App. 703 (2005)]

Plaintiff presented evidence of and the trial court found as facts:

8. That since the time of the previous Order, the defendant began a relationship with a married woman, Bessie Lippmann.

9. That as a result of the above relationship, the defendant was given the option of being terminated or resigning from his job, which he did.

10. That as a result of the above relationship, the defendant and his wife, Susan Wood separated and have been separated for the past year, although there are no separation papers signed.

11. At the time of and since the previous Order, Susan Wood provided at least 50% of the care for the minor child, including getting him up, taking him to school, picking him up from school and helping with his homework.

12. That the defendant is now employed at the Contractor Yard Monday through Friday from 7:00 a.m. until 5:00 p.m. with the result that he must take the minor child to school by 7:00 a.m. and is unable to pick him up from school until between 5:00 and 5:45 p.m. even though normal school hours are 8:20 a.m until 3:00 p.m.

13. That in the past year, the minor child's grades have suffered, ranging from F's to B-, at Raleigh Christian Academy although the child was promoted.

14. That the defendant has visitation with his thirteen year old daughter, forty miles away, on Wednesdays from 5:00 until 7:00 p.m. and either took the minor child with him or left him with relatives before picking him back up to return home to do homework.

15. That for the past year, the defendant and the minor child have on occasion spent the night at Bessie Lippmann's house and Bessie Lippmann has spent the night on occasion at the defendant's house when the minor child was present.

16. That the plaintiff originally had restricted visitation and lost custody because of a brain tumor she suffered. That the plaintiff's medical condition has substantially improved since the previous Order and now stabilized so that she is no longer receiving treatment and goes in once a year for a medical check. Plaintiff has a valid driver's license and can drive.

17. The plaintiff is now employed from 10:00 a.m. until 2:00 p.m. three days a week at Stock Building Supply so she can personally take the minor child to school and pick him up on time.

After careful review, we conclude that plaintiff presented sufficient evidence to withstand defendant's Rule 41(b) motion to dismiss regarding the issue of whether a substantial change in circumstances had occurred. This assignment of error is without merit.

## C. Conclusions of Law: Change Affecting the Welfare of the Child

[2] Defendant next argues the trial court erred in failing to conclude that the change of circumstances affected the welfare of the child. We disagree.

Based on its findings of fact, the trial court made the following conclusions of law concerning how the changes affected the child.

3. There has occurred since the entry of the Order entered herein September 13, 2000 a substantial change in circumstances of the parties and the minor child such as justifies modification of the previous Order so as to award custody of the minor child to the plaintiff and plaintiff's Motion to transfer custody of the minor child to her should be granted.

4. There has occurred since the entry of September 13, 2000 a change in circumstances such as justifies modification of the previous orders as set forth hereinafter and said modification would be in the best interest of the minor child.

As we stated previously, a trial court's modification of custody will be upheld if its findings are supported by substantial evidence. *Pulliam*, 348 N.C. at 624, 501 S.E.2d at 902. Where the trial court concludes that a substantial change in circumstances has occurred affecting the welfare of the child and that custody modification was in the best interest of the child, we defer to the trial court's judgment, and will not overturn it, absent a clear showing of abuse of discretion. *Id.* at 625, 501 S.E.2d at 902; *Shipman*, 357 N.C. at 475, 586 S.E.2d at 254.

In addition to the facts recited above, the trial court also made these findings of fact:

6. An Order was thereafter entered on September 13, 2000 giving defendant custody and plaintiff increased visitation. Both parties are fit and proper persons to have custody.

18. The plaintiff has a three bedroom house in Benson, in a good neighborhood, and surrounded by neighbors with children who are the same age of and know the minor child. These neighbors include professional people and teachers. Plaintiff and the minor child attend church regularly. The defendant does not take the minor child to church.

20. A substantial change of circumstances that effects [sic] the minor child has occurred since the September 13, 2000 Order and it is in the best interests of the minor child that the Court's order be modified.

As discussed above, the trial court found a number of substantial changes in circumstance, which were sufficient to withstand defendant's motion to dismiss. The trial court further concluded "[t]here has occurred since the entry of September 13, 2000 [sic] a change in circumstances such as justifies modification of the previous orders as set forth hereinafter and said modification would be in the best interests of the minor child." It is implicit in this conclusion that the change in circumstances affected the welfare of the child, and thus, supported the change in custody. Just because the trial court did not use the exact phrase "affecting the welfare of the child" should not be determinative. Such an application would place form over substance. When determining whether the findings are adequate, this Court examines the entire order. *See Carlton v. Carlton*, 145 N.C. App. 252, 263, 549 S.E.2d 916, 924 (Tyson, J., dissenting), *rev'd per curiam per dissent*, 354 N.C. 561, 557 S.E.2d 529 (2001), *cert. denied*, 536 U.S. 944, 153 L. Ed. 2d 811 (2002) (noting the findings included within the order appealed from, considered together with the findings from a previous order, and "taken as a whole" sufficiently demonstrated the connection between the change in circumstances and the welfare of the child). The trial court is not constrained to using "certain and specific 'buzz' words or phrases" in its order. *Id.*

Here, the trial court carefully laid out in sequential order the facts regarding defendant's relationship with a married woman, resulting in him resigning from his job, and culminating in his separation from his wife who provided at least 50% of the minor child's care, including helping the child with his homework. The trial court then found that the child's grades had suffered, thus providing the nexus between the substantial change in circumstances and the affect on the child's welfare. The findings go on to describe the stable environment plaintiff can now provide. More importantly, the court's last finding specifically states that "[a] substantial change of circumstances that

*[a]ffects* the minor child has occurred since the September 13, 2000 Order[.]" (emphasis added). We do not construe the order as narrowly as appellant suggests. Rather, we find that the findings of fact and conclusions of law support the trial court's order. This argument is without merit.

### D. Conclusions of Law: Sufficient to Modify Previous Order

**[3]** Finally, defendant contends the trial court erred in modifying its previous custody order and awarding plaintiff primary custody where the order was not supported ·by adequate or proper conclusions of law. For the reasons discussed above, this argument is without merit.

### IV. Conclusion

For the reasons discussed herein, we affirm the trial court.

AFFIRMED.

Judge HUNTER concurs.

Judge TYSON concurs in part and dissents in part in a separate opinion.

TYSON, Judge, concurring in part and dissenting in part.

I concur with the majority's opinion to uphold the trial court's denial of defendant's motions to dismiss. I respectfully dissent from that portion of the majority's opinion which holds the trial court properly found a change of circumstances affecting the welfare of the child. The trial court failed to make sufficient findings regarding the effect of the changed circumstances on the child's welfare.

### I. Substantial Change in Circumstances ˉ

### A. Standard of Review

In *Blackley v. Blackley*, our Supreme Court stated the plaintiff's burden of proof to support a modification of a child custody order. 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974).

> The entry of an Order in a custody matter does not finally determine the rights of parties as to the custody, care and control of a child, and when a substantial change of condition affecting the child's welfare is properly established, the Court may modify

prior custody decrees. However, the modification of a custody decree must be supported by findings of fact based on competent evidence that there has been a substantial change of circumstances affecting the welfare of the child, and *the party moving for such modification assumes the burden of showing such change of circumstances.*

*Id.* (internal citations omitted) (emphasis supplied).

In *Puliam v. Smith,* our Supreme Court broadened the trial court's discretion in determining whether a substantial change of circumstances had occurred. 348 N.C. 616, 620, 501 S.E.2d 898, 899 (1998).

[C]ourts must consider and weigh all evidence of changed circumstances which affect or will affect the best interests of the child, both changed circumstances which will have salutary effects upon the child and those which will have adverse effects upon the child. In appropriate cases, either may support a modification of custody on the ground of a change in circumstances.

*Id.*

### B. Conclusions of Law

Based on its findings of fact, the trial court concluded:

3. There has occurred since the entry of the Order entered herein September 13, 2000 a substantial change in circumstances of the parties and the minor child such as justifies modification of the previous Order so as to award custody of the minor child to the plaintiff and plaintiff's Motion to transfer custody of the minor child to her should be granted.

4. There has occurred since the entry of September 13, 2000 a change in circumstances such as justifies modification of the previous orders as set forth hereinafter and said modification would be in the best interest of the minor child.

We review the trial court's conclusions of law *de novo. Scott v. Scott,* 157 N.C. App. 382, 385, 579 S.E.2d 431, 433 (2003) (citation omitted).

Here, the trial court failed to make any finding of fact regarding any effect the change of circumstances may have had on the welfare of the child. In finding of fact Number 15, the trial court states that defendant and the child spent the night at Bessie Lippmann's house,

and Bessie Lippmann spent the night at defendant's house when the child was present. The trial court made no findings of fact of any effect defendant's behavior or presence with Bessie Lippmann may have had on the child and did not find any inappropriate behavior between defendant and Lippmann on these occasions. "The fact that the [child was] present . . . cannot be construed as a finding that the [child's] welfare was affected." *Browning v. Helff*, 136 N.C. App. 420, 424, 524 S.E.2d 95, 98 (2000).

The trial court also found in finding Number 13 that the child's grades had suffered in the past year. However, no finding of fact was made that the grades the child earned resulted from any substantial change of or due to the conduct circumstances of either of the parties.

The trial court made other findings of fact regarding plaintiff's housing situation, plaintiff's improved medical condition, the parties' employment, defendant's separation from Susan Wood, and defendant's visitation with his daughter. The trial court failed to indicate the effect that any of these changes had on the welfare of the child. The trial court is not constrained to using "certain and specific 'buzz' words or phrases" in its order. *Carlton v. Carlton*, 145 N.C. App. 252, 263, 549 S.E.2d 916, 924 (Tyson, J., dissenting), *rev'd per curiam*, 354 N.C. 561, 557 S.E.2d 529 (2001), *cert. denied*, 536 U.S. 944, 153 L. Ed. 2d 811 (2002).

The facts here can easily be distinguished from *Carlton*. In *Carlton*, the trial court's findings of fact clearly indicated how the changed circumstances affected the welfare of the minor child, Angela. 145 N.C. App. at 263, 549 S.E.2d at 924. The trial court's findings of fact clearly stated:

> (1) that plaintiff's absconding with the child caused Angela to miss 38 days of school, furthering her failure to maintain her school work and requiring that she obtain additional help from her teacher and defendant to make up school work caused by the absences; and (2) that the effect on Angela of a move to Hawaii and the awarding of primary custody and residence of Angela to one parent would provide needed stability in the child's life.

*Id.* While the trial court is not required to use certain words or phrases to show an effect in its order, "the evidence must demonstrate a *connection between the substantial change in circumstances and the welfare of the child*, and flowing from that prerequi-

site is the requirement that the trial court make *findings of fact regarding that connection." Shipman v. Shipman*, 357 N.C. 471, 478, 586 S.E.2d 250, 255 (2003) (citation omitted) (emphasis supplied). It is not the province of this Court on appeal to infer a connection the trial court expressly failed to find or make.

Here, "the trial court only partially discharged its duty in finding that a change in circumstances occurred without also finding whether plaintiff had met her burden of showing the effect, if any, of such change upon the welfare of the [child]." *Browning*, 136 N.C. App. at 425, 524 S.E.2d at 99. The trial court failed to find or conclude how defendant's relationship with Bessie Lippmann, defendant's separation from Susan Wood, defendant's new job, defendant's visitation with his daughter, plaintiff's housing situation, and plaintiff's improved medical condition affect the welfare of the child. Without making such determination, the trial court failed to "demonstrate a connection between the substantial change of circumstances and the welfare of the child" to take custody from defendant and award custody to plaintiff. *Shipman*, 357 N.C. at 478, 586 S.E.2d at 255.

## II. Conclusion

The trial court failed to find whether plaintiff had met her burden of showing what effect, if any, the change of circumstances had on the welfare of the child. Accordingly, I vote to vacate the trial court's order and remand for determination of how the change of circumstances affected the child's best interests and welfare.

Contrary to the trial court's conclusions that the custody order is a "final order," custody orders are never final and are always subject to modification upon a requisite showing of a substantial change of circumstances affecting the welfare of the child. *In re R.T.W.*, 359 N.C. 539, 545, 614 S.E.2d 489, 493 (2005). On remand, the trial court should also consider any additional evidence of changed circumstances that have occurred since the date the order was entered. I respectfully dissent.