WANNETTA L. LANG, Plaintiff v. ANTONIO LANG, Defendant

No. COA08-1251

(Filed 7 July 2009)

**1. Child Support, Custody, and Visitation— child custody— change in circumstances**

The trial court did not err in a child custody case by concluding a change in circumstances had occurred since entry of the prior custody order even though plaintiff mother alleges the trial court failed to make any findings as to the circumstances existing when the prior order was entered because: (1) the trial court's undisputed findings noted four very significant events that occurred subsequent to entry of the prior custody order including that plaintiff had given birth to a child who was one year old in May 2008, plaintiff had separated from her second husband in December 2007, the child was in first grade in May 2008, and the child had been diagnosed with and had treatment recommended for ADHD on 20 July 2007; and (2) the four findings were sufficient to show that the trial court properly considered only events which occurred after entry of the prior custody order when it concluded that there was a change of circumstances.

**2. Child Support, Custody, and Visitation— child custody— effect of change in circumstances on child**

The trial court in a child custody case sufficiently considered the effect of the change in circumstances on the minor child because: (1) when the effects of the substantial changes in circumstances on the minor child are self-evident, there is no need for evidence directly linking the change to the effect on the child; and (2) the trial court's consideration of the effect of the changes in circumstances on the child is implicit in its three findings that

LANG v. LANG

[197 N.C. App. 746 (2009)]

the child needed ADHD medication and defendant father was willing to provide it, defendant was very attentive to the child's progress and behavior in school while the mother was less attentive, and defendant had been more consistent in treating the child's various recurring medical conditions.

Appeal by plaintiff from order entered 22 May 2008 by Judge Lillian Jordan in Guilford County District Court. Heard in the Court of Appeals 26 March 2009.

*Kathryn S. Lindley, for plaintiff-appellant.*

*Cynthia A. Hatfield, for defendant-appellee.*

STROUD, Judge.

The issue in this case is whether the trial court's findings of fact were sufficient to support its legal conclusion that a child custody order should be modified because of a substantial change in circumstances affecting the minor child. We affirm.

I. Background

The parties married on 14 February 1999. Jack,[1] the only child of the marriage, was born 28 October 2000. The parties separated in April 2001 and subsequently divorced. The parties "share[d] joint legal custody of [Jack] with [p]laintiff having primary physical custody and the [d]efendant having secondary physical custody" by order entered on 21 April 2004 in District Court, Guilford County. The parties agreed to minor changes in the custody arrangement in an order entered on 22 September 2006 ("the prior custody order").[2]

On 1 April 2008 defendant moved to judicially modify the custody order. Defendant's motion alleged substantial changes in circumstances affecting the minor child including Jack's difficulty in school and plaintiff's inattention to Jack's medical needs. The motion requested that defendant be given primary custody of Jack.

The trial court held a hearing on defendant's motion on 13 May 2008. The trial court made findings, concluded that "primary physical custody of the child should be with [d]efendant" and modified the custody order accordingly. Plaintiff appeals.

---

1. A pseudonym is used to protect the identity of the minor child.

2. The parties do not dispute that the order of September 2006 is the relevant order from which a change in circumstances must be measured.

## II. Standard of Review

"[A]n order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." N.C. Gen. Stat. § 50-13.7(a) (2007). The steps in determining whether to modify a custody order are well established:

If . . . the trial court determines that there has been a substantial change in circumstances and that the change affected the welfare of the child, the court must then examine whether a change in custody is in the child's best interests. If the trial court concludes that modification is in the child's best interests, only then may the court order a modification of the original custody order.

*Shipman v. Shipman*, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003).

On appellate review, an order modifying child support is to be construed broadly. *Karger v. Wood*, 174 N.C. App. 703, 709-10, 622 S.E.2d 197, 202 (2005); *see also Shipman*, 357 N.C. at 479, 586 S.E.2d at 256 ("While, admittedly, the trial court's findings of fact do not present a level of desired specificity, the court's factual findings were sufficient for our review, given the circumstances in the instant case."). The reviewing court "evaluat[es] whether a trial court's findings of fact are supported by substantial evidence, [and] must [also] determine if the trial court's factual findings support its conclusions of law." *Shipman*, 357 N.C. at 475, 586 S.E.2d at 254. "When determining whether the findings [in an order modifying child custody] are adequate [to support its conclusions], this Court examines the entire order. The trial court is not constrained to using certain and specific buzz words or phrases in its order." *Karger*, 174 N.C. App. at 709, 622 S.E.2d at 202 (citations and quotation marks omitted).

## III. Findings of Fact

The trial court's material findings of fact are undisputed:[3]

8. Both parties have remarried. The Defendant married Rhonda Lang in October 2004. The plaintiff has 2 children ages 1 and 3 with her [current] husband. Plaintiff and her [current] husband separated in December, 2007 but are in counseling and are try-

---

3. Plaintiff assigned error to one finding of fact which was immaterial to the questions presented, then abandoned that assignment of error by failing to bring it forward in her brief. N.C.R. App. P. 28(b)(6). Accordingly, the trial court's findings of fact are "conclusively established." *Hartsell v. Hartsell*, 189 N.C. App. 65, 68, 657 S.E.2d 724, 726 (2008).

ing to work things out. The Defendant has no children other than [Jack].

9. . . . [Two clinical] evaluations concluded that the child has ADHD and that a trial run of medication would be appropriate to address the child's issues. Both evaluations have been provided to the child's counselor Ann Harrell who agrees with the diagnosis and treatment recommendations. The child's teacher, Suzanne Daly is aware of the diagnosis and also agrees with it.

10. The Defendant has been more involved with the child's school and extracurricular activities. He goes to the child's class weekly and has attended most field trips. The child's 1st grade teacher Suzanne Daly, testified that the Defendant was very attentive to the child's progress and behavior in school.

11. The Plaintiff has two other young children; works two jobs and is a single parent and appears to not have as much time to go to the child's school and attend extracurricular activities. The child's teacher confirmed that Plaintiff does call and write notes to her regularly, and Plaintiff is attempting to keep in close contact with the teacher.

12. The Defendant has been more consistent in treating the child's various recurring medical conditions, such as eczema.

13. The parties both acknowledge they have been advised that the child needs medication for ADHD at least on a trial basis. The Plaintiff opposes use of medication and Defendant supports its use under the advice and recommendations of the doctors who have evaluated the child. There has been a delay in use of medication due to Plaintiff's opposition.

### IV. Conclusions of Law

Plaintiff contends that the trial court's findings were not sufficient to support its legal conclusions. Specifically, plaintiff argues the trial court erred (1) by failing to make any findings as to the circumstances existing when the prior custody order was entered, and (2) by "fail[ing] to indicate the effect, if any, that the[] facts [it found] had on the welfare of the child."

### A. Circumstances at Entry of the Prior Custody Order

[1] The trial court concluded:

Circumstances have changed since the entry of the prior custody order in that the Defendant has become more involved and atten-

tive to the child's education and other needs and the Plaintiff has become less able to give the child such attention.

Plaintiff contends that this conclusion is not supported by the trial court's findings because the order contained no findings as to the circumstances existing when the trial court entered the prior custody order in September 2006. We disagree.

The trial court's undisputed findings are that (1) plaintiff had given birth to a child who was one year old in May 2008, (2) plaintiff had separated from her husband in December 2007, (3) the child was in first grade in May 2008, and (4) the child had been diagnosed with and had treatment recommended for ADHD on 20 July 2007. It is clear that these four very significant events occurred subsequent to entry of the prior custody order.

These four findings are sufficient to show that the trial court properly considered only events which occurred after entry of the prior custody order when it concluded that there was a change of circumstances. The trial court did not need to use the specific words, for example, "I find that in September 2006 the child had not yet been diagnosed with ADHD, but now he has." *See Karger*, 174 N.C. App. at 709, 622 S.E.2d at 202. This assignment of error is overruled.

B. Welfare of the Minor Child

[2] The trial court further concluded:

It is still in the best interest of the child that the parties share his joint legal custody but primary physical custody of the child should be with Defendant during the school years set forth below.

Plaintiff argues that this conclusion is error because the trial court "failed to indicate the effect, if any, that the[] facts [it found] had on the welfare of the child." Plaintiff relies on *Frey v. Best*, where this Court vacated and remanded an order modifying child custody on the basis of insufficient factual findings regarding the effect of the change in circumstances on the children. 189 N.C. App. 622, 659 S.E.2d 60 (2008). Again, we disagree.

Where the "effects of the substantial changes in circumstances on the minor child . . . are self-evident," there is no need for evidence directly linking the change to the effect on the child. *Shipman*, 357 N.C. at 478-79, 586 S.E.2d at 256. Furthermore, in *Karger*, the Court refused to "construe the order as narrowly as [the] appellant sug-

gest[ed,]" 174 N.C. App. at 710, 622 S.E.2d at 202, and affirmed the order modifying child custody even though "the trial court did not use the exact phrase 'affecting the welfare of the child[,]' " *id.* at 709, 622 S.E.2d at 202.

In *Frey*, the case relied on by plaintiff, the trial court modified a custody order to grant increased visitation based on bare evidence of changes in defendant's lifestyle and increase in the children's ages. Specifically, the trial court found that "there has been a substantial change in circumstances in that the husband no longer works on Friday nights and rents a three-bedroom townhouse instead of a one-bedroom apartment. The children are older now as they were only 6 months, 2 years and 4 years [old] when the parties separated." 189 N.C. App. at 638, 659 S.E.2d at 72 (brackets in original omitted). On appeal, this Court determined that the trial "court's conclusion that there had been a substantial change in circumstances regarding husband's 'custodial time' is not supported by findings of fact which indicate that those changes affected the welfare of the parties' minor children." *Id.* Accordingly, this Court vacated and remanded the order for further findings and conclusions. 189 N.C. App. at 638-39, 659 S.E.2d at 72.

In contrast, in *Karger* the trial court found facts related to the defendant's current lifestyle, "then found that the child's grades had suffered, thus providing the nexus between the substantial change in circumstances and the affect on the child's welfare. The findings go on to describe the stable environment plaintiff can now provide." 174 N.C. App. at 709, 622 S.E.2d at 202. This Court concluded "that the findings of fact and conclusions of law support the trial court's order" and affirmed. *Id.* at 709, 622 S.E.2d at 202.

We conclude the case *sub judice* is more apposite to *Shipman and Karger* than to *Frey*. In the case *sub judice*, the trial court found that (1) the child needed ADHD medication and defendant was willing to provide it; (2) defendant was "very attentive to the child's progress and behavior in school[,]" while the mother was less attentive; and (3) "[d]efendant ha[d] been more consistent in treating the child's various recurring medical conditions[.]" These findings are very different from the findings in *Frey* which addressed only lifestyle changes for the husband and the obvious fact that the children's ages had increased. Instead, the effect of these factual circumstances on the child is self-evident, like *Shipman*. 357 N.C. at 478-79, 586 S.E.2d at 256. Further, the trial court's consideration of the effect of the changes in circumstances on the child is implicit in these

IN RE D.B.J.

[197 N.C. App. 752 (2009)]

three findings in the context of the whole order as in *Karger*. 174 N.C. App. at 709, 622 S.E.2d at 202. Accordingly, we overrule this assignment of error.

## V.  Conclusion

The trial court properly concluded that a change in circumstances had occurred since entry of the prior custody order. Further, the trial court properly considered the effect of the change in circumstances on the minor child. Accordingly, the order modifying child custody is affirmed.

Affirmed.

Judges JACKSON and STEPHENS concur.