IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-296

No. COA20-924

Filed: 6 July 2021

Iredell County, No. 15-CVD-2857

BRETT HENDERSON, Plaintiff,

v.

MEGAN LYNN WITTIG, Defendant.

Appeal by Defendant from an order to modify child custody entered on 30 July 2020 by Judge Deborah P. Brown in Iredell County District Court. Heard in the Court of Appeals on 11 May 2021.

*McIlveen Family Law Firm, by Sean F. McIlveen and Chelsea M. Chapman, for Defendant-Appellant.*

*Arnold & Smith, PLLC, by Ronnie D. Crisco, Jr., for Plaintiff-Appellee.*

GORE, Judge.

¶ 1    Megan Lynn Wittig ("Defendant-Appellant") appeals from the trial court's order modifying child custody. For the following reasons we vacate the trial court's order and remand for further findings of fact.

I.    Background

¶ 2    Defendant-Appellant and Brett Henderson ("Plaintiff-Appellee") were never married but were the natural parents of one child born on 19 December 2013. On 4 August 2015, Plaintiff-Appellee filed a verified complaint for emergency custody,

temporary parenting arrangement, permanent custody, and temporary and permanent child support against Defendant-Appellant. On 11 June 2016, the trial court entered a consent order approving the parties' parenting agreement. The parenting agreement provided the parties would share legal custody and all major decisions would be decided jointly. The parties would equally share physical custody on a two-week rotating schedule, with exchanges occurring four times in each two-week period.

¶ 3 Soon after the consent order was entered in 2016 the parties began having difficulties abiding by the provisions of the parenting agreement. On 3 April 2017, Plaintiff-Appellee filed a motion for contempt alleging Defendant-Appellant failed to consult with him on major decisions and failed to share information on health matters. On 5 October 2017, the trial court entered an order appointing Dr. Geyer as a parenting coordinator. While Dr. Geyer was appointed in October 2017, she did not meet with the parties until February 2018. In the two years the parties worked with Dr. Geyer they only had a handful of face-to-face meetings with her, due partially to Plaintiff-Appellee's then work travel obligations and partially to Defendant-Appellant's procrastination of scheduling appointments.

¶ 4 While Dr. Geyer was able to assist the parties in setting guidelines for exchanges, the parties continued to have communication issues and disagreements arose pertaining to vacation time, school related matters, and healthcare decisions.

On 16 December 2019, Defendant-Appellant filed a motion to modify child custody. On 21 April 2020, the trial court entered its child custody order modifying the original 2016 parenting agreement. The April 2020 order grants the parties joint physical custody of the minor child on a week-to-week rotating basis, sets out a holiday visitation schedule, and provides that whichever party is in physical custody of the minor child has day-to-day decision-making authority, but the parties should have meaningful discussions as to all medical and educational decisions and the Plaintiff-Appellee has final decision-making ability. Defendant-Appellant filed written notice of appeal on 30 July 2020.

## II.  Discussion

"It is well established in this jurisdiction that a trial court may order a modification of an existing child custody order between two natural parents if the party moving for modification shows that a substantial change of circumstances affecting the welfare of the child warrants a change in custody." *Shipman v. Shipman*, 357 N.C. 471, 473, 586 S.E.2d 250, 253 (2003) (cleaned up). It is not necessary to show a change had an adverse effect on a child to warrant a modification. "A showing of a change in circumstances that is, or is likely to be, beneficial to the child may also warrant a change in custody." *Pulliam v. Smith*, 348 N.C. 616, 619–20, 501 S.E.2d 898, 899–900 (1998).

¶ 6     Our Supreme Court summarized the analysis a trial court must conduct when considering a modification of an existing child custody order in *Shipman*:

> The trial court must determine whether there was a change in circumstances and then must examine whether such a change affected the minor child. If the trial court concludes either that a substantial change has not occurred or that a substantial change did occur but that it did not affect the minor child's welfare, the court's examination ends, and no modification can be ordered. If, however, the trial court determines that there has been a substantial change in circumstances and that the change affected the welfare of the child the court must then examine whether change in custody is in the child's best interests. If the trial court concludes that modification is in the child's best interests, only then may the court order a modification of the original custody order.

*Shipman*, 357 N.C. at 474, 586 S.E.2d at 253.

¶ 7     On appellate review, this Court must examine the trial court's findings of fact to determine whether they are supported by substantial evidence. *Pulliam*, 348 N.C. at 625, 501 S.E.2d at 903. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78–79, 265 S.E.2d 164, 169 (1980). If we find there is substantial evidence in the record to support the trial court's findings of fact, such findings are conclusive on appeal, even if the record also includes evidence that support findings to the contrary. *Shipman*, 357 N.C. at 475, 586 S.E.2d at 253–54. Additionally, this Court must determine if the trial court's factual findings support its conclusions of

law. *Pulliam*, 348 N.C. at 628, 501 S.E.2d at 904. If the trial court's findings of fact show that a substantial change of circumstances has affected the welfare of the minor child and that modification was in the child's best interests, "then we will defer to the trial court's judgment and not disturb its decision to modify an existing agreement." *Shipman*, 357 N.C. at 475, 586 S.E.2d at 254.

¶ 8     In the case *sub judice*, the trial court made no findings of fact when adopting the parties' parenting agreement in the 2016 consent order. *See Buckingham v. Buckingham*, 134 N.C. App. 82, 90, 516 S.E.2d 869, 875 (1999) ("When parties enter into an agreement and ask the court to approve the agreement as a consent judgment, . . . the court has no duty to make findings of fact or conclusions of law as to the child's best interest when it approved the parties' agreement.") Therefore, when ruling on the Defendant-Appellant's 2019 motion to modify child custody the trial court was required to "make appropriate findings in order to provide a base line before it could determine if there had been a substantial and material change in circumstances that would warrant a modification in child custody as [Defendant-Appellant] had requested." *Balawejder v. Balawejeder*, 216 N.C. App. 301, 309, 721 S.E.2d 679, 684 (2011) (cleaned up). There is no set minimum threshold for the number, content, or specificity to guide the trial court in making these findings. *See id.* There only needs to be sufficient findings to establish a base line of events at the time the initial custody order was entered. Defendant-Appellant argues that the trial court failed to make

findings of fact as to the circumstances existing at the time of the 2016 consent order, therefore, it was impossible for the court to determine whether a substantial change in circumstances had occurred.

¶ 9        In the April 2020 order modifying child custody, the trial court made findings of fact which found that since the 2016 consent order the parties needed a court-appointed parent coordinator to help resolve disagreements, the 2016 consent order's vacation system has led to several disagreements, disagreements surrounding school issues arose after the minor child started kindergarten, and the Plaintiff-Appellee has remarried and moved to a new home since the 2016 consent order was entered. Further, finding of fact 22 specifically states, "That since the entry of the 2016 Order, there have been several substantial changes in circumstances. In October 2016, the minor child was not quite three years of age and attending daycare . . . . In October 2016, both the parties were single, and the [Plaintiff-Appellee] was traveling for work frequently." We find these findings are sufficient to create a baseline of the circumstances at the time of the 2016 consent order.

¶ 10        Defendant-Appellant also argues that the trial court failed to make sufficient findings of fact to support modification of custody because the findings do not establish that the substantial change in circumstances had an effect on the welfare of the child, making modification of custody in the best interest of the child. In its findings of fact, the trial court is not required to use the specific language "affecting

the welfare of the child," and direct evidence linking the substantial change in circumstances to the welfare of the child is not required when the effect on the child is self-evident. *Karger v. Wood*, 174 N.C. App. 703, 709, 622 S.E.2d 197, 202 (2005); *Lang v. Lang*, 197 N.C. App. 746, 750–51, 678 S.E.2d 395, 398–99 (2009).

¶ 11 However, if the effect of the substantial change of circumstances on the child is not self-evident, a showing of evidence directly linking the change to the welfare of the child is necessary. *Id.* "Evidence linking these and other circumstances to the child's welfare might consist of assessments of the minor child's mental well-being by a qualified mental health professional, school records, or testimony from the child or the parent. *Id.*

¶ 12 In *Carlton v. Carlton*, there were sufficient findings to support the conclusion of law that the minor child's welfare was effected by the substantial changes in circumstances because the trial court incorporated into its findings of fact the psychiatric assessment report prepared for the case, the trial court's finding of fact pertaining to the minor child's missed school days discussed the impact those missed days had on the child's school work and what was required for her to catch up, and the trial court's findings of fact discussed the effect moving out of state would have on the minor child. 145 N.C. App. 252, 261, 549 S.E.2d 916, 923 (2001) (Tyson, J., dissenting), *rev'd per curiam per dissent*, 354 N.C. 561, 557 S.E.2d 529 (2001), *cert. denied*, 536 U.S. 944, 153 L. Ed. 2d 811 (2002).

¶ 13    In the case *sub judice*, the substantial change in circumstances centers around the extensive disagreements by the minor child's parents. This is not a case where the facts supporting a finding that a substantial change of circumstances had occurred show there was an obvious effect on the minor child. Therefore, the trial court's findings of fact must directly link the substantial change of circumstances and their effect on the minor child. The trial court's findings did not accomplish that.

¶ 14    The substantial change in circumstances in the present case include extensive disagreements between the parents regarding the minor child's schooling and healthcare, an overall lack of communication, difficulties in exchanges of the minor child, disagreements over vacation time, and changes in the parents' living arrangements. The trial court's findings focus on the parents' role in these changes. In contrast to the findings in *Carlton*, the trial court's findings do not address the effect the parents' communication difficulties had on the minor child's welfare and does not discuss the effect the disagreements pertaining to the minor child's medical treatment had on her welfare. Further, the finding of fact pertaining the minor child's missed school days makes no mention of any impact on her schoolwork or development. Finally, while the trial court makes findings as to both parents' home-life there is no discussion of how either home-life may impact the minor child. Given the severity of the change in custody granted by the trial court, awarding Plaintiff-Appellee final decision-making authority, we cannot say the trial court made

sufficient findings of fact directly linking the change of circumstances and the minor child's welfare to support a conclusion of law that modification of custody would be in the child's best interest.

## III.     Conclusion

¶ 15     For the foregoing reasons we find the trial court made sufficient findings of fact relating to the circumstances existing at the time of the initial custody order. However, we find the trial court's findings of fact do not support the conclusion of law that modification of the custody order is in the minor child's best interest, because the findings of fact do not directly link the change in circumstances and their effect on the minor child. As a result, we remand to the trial court for further findings pertaining to the effect of the change in circumstances to the minor child's welfare.

REMANDED.

Judges ARROWOOD and COLLINS concur.